**Alvin I. KROPFF, Plaintiff-Appellant,**

v.

**Rita B. SANGER, as Executrix of Estate of Harry Sanger, Deceased, and Myron Wander, Defendants-Appellees.**

**No. 278, Docket 35170.**

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1970.

Decided Jan. 15, 1971.

Samuel P. Cohen, New York City, for plaintiff-appellant.

Charles Koozman, New York City (Gerald Blumberg, New York City, of counsel), for defendant-appellee Rita B. Sanger.

Allan Graff, New York City (Shatzkin & Cooper, Burton S. Cooper, New York City, of counsel), for defendant-appellee Myron Wander.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York (John M. Cannella, Judge) granting the motions of defendants-appellees to dismiss an action to rescind an assignment of a remainder interest in an estate on the grounds that the unjustifiable and unreasonable delay of the plaintiff-appellant in bringing suit has caused the doctrine of laches to bar his claim. We find error in granting the motions on the record made, and reverse and remand for further development of the facts.

The appellant was a contingent remainderman of a trust created by the will of one Alvin E. Ivie of which the appellant's mother, Beatrice I. Brown, was the life tenant. His interest was subject to divestiture if he failed to survive the life tenant. At the time of the transaction which is here in dispute, October, 1964, neither the appellant nor his mother were in the best of physical health. At that time, the appellant was 31 years of age and his mother was 63. Both suffered from acute and chronic alcoholism. Mrs. Brown had been declared legally incompetent, had broken both her hips, and was permanently bedridden. The appellant had been hospitalized several times beginning in 1957 as a result of his alcoholism and the complications arising therefrom and was grossly overweight. He was also without any means of financial support.

In October, 1964, in response to an advertisement in the Los Angeles Times stating that the advertiser would pay immediate cash to heirs, appellant was put in contact with Mr. Harry Sanger.

At that time, appellant signed documents conveying to Mr. Sanger his remainder interest in the Ivie estate to the extent of $300,000 in exchange for a cash payment of $26,000. Sanger promptly disposed of the interest he acquired, to a number of people named as defendants here. Sanger died in January, 1967. In March, 1968 appellant's mother died. Shortly thereafter the action to secure rescission of the transfer of the remainder was filed on the grounds that it had been procured by undue influence and fraud. Judge Cannella did not find it necessary to reach the merits of appellant's claim since he concluded that the delay of four years between the agreement and the filing of the action was unjustified and prejudicial to defendants, and the action was therefore barred under the doctrine of laches.

Judge Cannella had no difficulty in the present case in finding the required prejudice:

> One need look no further than at the number of defendants to recognize the proliferation of partial interests in the trust stemming from plaintiff's assignments to Sanger. The assumption is that some, if not all, the assignees relied on the validity of the original two assignments.

The parties disagree on whether California or New York law applies and Judge Cannella did not resolve the issue, since he was of the opinion that the action was barred by laches under the law of either state. In this he may well turn out ultimately to be correct, but we cannot say with confidence from this record that there is no genuine issue as to any material fact bearing on the issue of laches under the law of either state.

For instance, the finding of substantial prejudice is based solely on the number of assignees of interests in the venture. We do not know from the record what their contributions were, what would be necessary to make them whole, what knowledge they had of Kropff's condition, or indeed just what that condition was or how long it may have persisted, or his reasons for delay.

Whether Sanger's death was itself prejudicial to possible defense may well depend on the extent to which negotiations were carried on by agents and on their present availability.

In short, we feel that there is a genuine issue as to laches which precludes summary judgment on that ground on the showing made.

Reversed and remanded.